## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE STATE OF MISSISSIPPI, EX REL. | * | |
| JIM HOOD, ATTORNEY GENERAL | * | |
| FOR THE STATE OF MISSISSIPPI, | * | |
| | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| J. Kenton Parsons | * | |
| Luke F. Piontek | * | |
| Andre G. Bourgeois | * | |
| Shelley Ann McGlathery | * | |
| ROEDEL PARSONS KOCH BLACHE | * | |
| BALHOFF & MCCOLLISTER | * | |
| A Corporation | * | |
| 8440 Jefferson Highway, Suite 301 | * | |
| Baton Rouge, LA 70809 | * | |
| (225) 929-7033 | * | |
| LPiontek@roedelparsons.com | * | |
| | * | |
| V. | * | No. 3:08-cv-780-CWR-LRA |
| | * | |
| ENTERGY MISSISSIPPI, INC., ET AL. | * | |
| | * | |
| Defendants. | * | |
| | * | |
| Roy D. Campbell, III | * | |
| J. William Manuel | * | |
| Alicia N. Netterville | * | |
| BRADLEY ARNAT BOULT | * | |
| CUMMINGS LLP | * | |
| One Jackson Place | * | |
| 188 East Capitol Street, Suite 400 | * | |
| P.O. Box 1789 | * | |
| Jackson, MS 39215-1789 | * | |
| (601) 948-8000 | * | |
| rcampbell@bradley.com | * | |

_____

### NON-PARTY BATES WHITE, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AND NOTICE OF DEPOSITION FOR FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) DEPOSITION AND PRODUCTION OF DOCUMENTS AND, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

Defendants in the above-referenced matter seek to drag Bates White, LLC ("Bates White"), a non-party headquartered in Washington, DC, into this case to provide a Federal Rule of Civil Procedure 30(b)(6) deposition and documents related to a report which certain consultants at Bates White authored in a different matter and with respect to which defendants already have possession and already have had ample opportunity to question witnesses about in defendants' case. For the reasons set forth below, Bates White requests that this Court quash the subpoena and Notice of Deposition directed to Bates White for both a Rule 30(b)(6) deposition and the production of documents related to work by Bates White consultants on the report at issue. Alternatively, pursuant to Federal Rule of Civil Procedure 26(c), Bates White requests that the Court issue a Protective Order barring the deposition of Bates White or, at a minimum, limiting the scope of a deposition to exclude irrelevant and privileged information and denying the subpoena for production of documents as seeking documents that are privileged and irrelevant and as overbroad, unduly burdensome and unnecessary. Should the Court order a deposition by a Bates White consultant and/or the production of documents by Bates White, pursuant to Fed. R. Civ. P. 45(d)(3)(B), Bates White requests that the Court Order that defendants compensate Bates White for: (1) the hourly rate of the consultant providing deposition testimony related to opinions in connection with the report at issue, and (2) the hourly rate for Bates White staff time required to search for, compile, and produce any documents Ordered by the Court to be produced.

## BACKGROUND

In the above-referenced action, the Attorney General of the State of Mississippi has brought fraud and Mississippi state law claims against Entergy alleging that Entergy Mississippi Inc. (in conjunction with its related parties, Entergy Corporation, Entergy Services, Inc. and Entergy Power, Inc.) refused to purchase adequate amounts of cheaper power available from

2

third parties, and instead relied on its own (and those of its Entergy affiliates) inefficient, higher-cost legacy power generating units, to the detriment of Mississippi ratepayers. The Mississippi Attorney General alleges damages for the period 1998 through 2013 (hereinafter the "Miss. AG action"). Bates White is an economic consulting firm, based in Washington, DC, that specializes in advanced economic, financial, and econometric analysis. Dr. David DeRamus, a partner at Bates White, and Dr. Spencer Yang, a principal at Bates White, are expert witnesses for the plaintiff, the State of Mississippi, in the Miss. AG action. Defendants deposed Dr. DeRamus in the Miss. AG action on February 23, 2018, and deposed Dr. Yang in that action on February 22, 2018. During their depositions, Dr. DeRamus and Dr. Yang were shown and questioned about a publicly available report written by other consultants at Bates White for the Mississippi Public Service Commission ("MPSC") in connection with a different matter. The consultants who wrote the report for the MPSC are not experts in the Miss. AG action and are not involved in that action. That report, entitled "Evaluation of the Entergy Mississippi Proposal to Joint MISO," dated August 27, 2012, relates to a proposal at that time by Entergy Mississippi to join the Midcontinent Independent System Operator, Inc. ("MISO") (hereinafter "MISO Report").[1] On April 10, 2018, pursuant to Federal Rule of Civil Procedure 45, defendants served Bates White with a subpoena and Notice of Deposition for a Federal Rule of Civil Procedure 30(b)(6) deposition and for the production of documents in the Miss. AG action related to the MISO Report. *See* Subpoena and Notice of Deposition to Bates White, LLC for deposition and production of documents, served April 10, 2018 ("Subpoena") (Exhibit 1 hereto).

The State of Mississippi has objected to defendants' subpoena and on April 10, 2018, filed a motion to quash, or alternatively a motion for protective order, in the Court in which the Miss. AG action is pending, U.S. District Court for the Southern District of Mississippi. *See*

---

[1] Entergy did subsequently join MISO in December 2013.

State of Mississippi's Memorandum Brief in Support of Its Urgent and Necessitous Motion to
Quash Subpoena and Notice of 30(b)(6) Deposition of Bates White, LLC, and Alternatively, for
Protective Order ("State's Motion to Quash") (Exhibit 2 hereto).[2]

## ARGUMENT

Defendants' efforts to obtain discovery from non-party Bates White should be rejected.
As demonstrated below, Defendants already had an opportunity to question Bates White experts
in the Miss. AG action about the MISO Report written by others at Bates White, and Entergy has
known about this work and had access to publicly available documents regarding the work since
2012.  Defendants improperly seek to obtain additional expert testimony in this case from a non-
party based on work done by other Bates White consultants in another case.  Defendants do not
have a substantial need for this information.  Moreover, much of the information defendants seek
is protected from discovery based on various privileges as set forth below. Finally, defendants'
subpoena *duces tecum* seeks irrelevant information and is overboard, unnecessary and unduly
burdensome.

I.      DEFENDANTS' EFFORTS TO OBTAIN DISCOVERY FROM BATES WHITE
        CONSTITUTE HARRASSMENT AND IMPOSE AN UNDUE BURDEN GIVEN
        THAT DEFENDANTS HAD A FULL OPPORTUNITY TO QUESTION THE
        BATES WHITE EXPERTS IN THE MISS. AG ACTION

Federal Rule of Civil Procedure 45(d)(3) provides that the Court "must quash or modify a
subpoena" that "subjects a person to undue burden."  Factors relevant to the question of an undue
burden include:

> whether the discovery is unreasonably cumulative or duplicative; whether the
> discovery sought is obtainable from some other source that is more convenient, less
> burdensome, or less expensive; and whether the burden or expense of the proposed
> discovery outweighs its likely benefit, taking into account the needs of the case, the

---

[2] The Court in Mississippi has scheduled a hearing on the State's motion for Wednesday, April 18; however,
pursuant to Fed. R. Civ. P. 45(d)(3), Bates White submits that this Court properly has jurisdiction over Bates
White's instant Motion.

> amount in controversy, the parties' resources, the importance of the issues at stake in
> the litigation, and the importance of the proposed discovery in resolving the issues.

*Phillips & Cohen, LLP v. Thorpe*, 300 F.R.D. 16, 18 (D.D.C. 2013) (internal citation omitted)

(quashing subpoena issued to non-party where documents were not relevant to current action).

The deposition and documents sought by defendants pursuant to the Subpoena relate to the MISO Report. Defendants have a copy of the MISO Report. It is publicly available, as are earlier versions of the report (as Bates White understands it) sought by defendants in the Subpoena. Defendants asked both Dr. DeRamus and Dr. Yang during their depositions about the MISO Report (and showed it to Dr. Yang) and asked each of them questions about it, about their involvement in the report, and had every opportunity to fully explore how the MISO Report relates to their respective opinions. Dr. DeRamus testified that he was not involved in the work at all giving rise to the MISO Report, and Dr. Yang testified that he had limited involvement in the work and did not write the report. *See* Exhibits B and C to State's Motion to Quash (Exhibit 2 hereto). *Id.* Both testified that they had not read the MISO Report prior to their depositions. Of course, it is indisputable that neither expert is relying on the MISO Report in connection with their opinions.

Furthermore, Entergy itself was a party to the separate proceedings in connection with which other Bates White consultants wrote the MISO Report, and Entergy paid for the work by these Bates White consultants. Entergy thus has known about this work and the MISO Report (and earlier publicly available versions) since the time that work was performed. Entergy thus had every opportunity to seek documents related to the MISO work prior to the depositions of Dr. DeRamus and Dr. Yang and had every opportunity to question them about such documents during their depositions.

It is unreasonable for defendants to now drag someone from Bates White – a consultant who is not involved in any way in the Miss. AG action – to testify about the MISO Report.[3]  The report speaks for itself and fefendants had everything they needed at the time of the depositions of Dr. DeRamus and Dr. Yang to question them about such information.  Examination of another witness from Bates White will reveal nothing new regarding Dr. DeRamus' or Dr. Yang's opinions relative to such report.  This is particularly true given that, as set forth below, information other than publicly available information in the reports themselves are subject to the attorney-client privilege, attorney work product doctrine, and other applicable privileges (such as deliberative process privilege), privileges which belong to the States of Mississippi and cannot be waived by Bates White.

II.     THE SUBPOENA SHOULD BE QUASHED PURSUANT TO FEDERAL RULE 45(d)(3)(B) BECAUSE DEFENDANTS DO NOT HAVE A SUBSTANTIAL NEED FOR THE DISCOVERY

Federal Rule of Civil Procedure 45(d)(3)(B) provides that the court for the district where compliance is required may quash a subpoena if it requires:  "(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." As indicated above, defendants seek expert testimony about opinions provided by other Bates White consultants in a different matter. The Bates White consultants who wrote the MISO Report for MPSC are not retained experts in the Miss. AG action. Under Rule 45(d)(3)(B), a court may "order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated."  The Advisory Committee Notes to Rule 45 provide:

---

[3] Note that a Rule 30(b)(6) deposition is not appropriate, in any event, to obtain discovery of the opinions provided by a consultant or consultants in another matter.

The rule establishes the right of such persons to withhold their expertise, at least unless the party seeking it makes the kind of showing required for a conditional denial of a motion to quash as provided in the final sentence of subparagraph (c)(3)(B); that requirement is the same as that necessary to secure work product under Rule 26(b)(3) and gives assurance of reasonable compensation. . . . [T]he district court's discretion in these matters should be informed by "the degree to which the expert is being called because of his knowledge of facts relevant to the case rather than in order to give opinion testimony; the difference between testifying to a previously formed or expressed opinion and forming a new one; the possibility that, for other reasons, the witness is a unique expert; the extent to which the calling party is able to show the unlikelihood that any comparable witness will willingly testify; and the degree to which the witness is able to show that he has been oppressed by having continually to testify. . . ."

No expert – for either the State of Mississippi or Entergy – relies on the MISO Report in the Miss. AG action. Moreover, as set forth above, defendants already had a full opportunity to question Dr. DeRamus and Dr. Yang regarding the relevance of information in the MISO Report to their opinions. Defendants had access to the MISO Report and earlier publicly available materials prior to those depositions. Defendants' Subpoena is an effort by defendants to subvert the Federal Rules and improperly obtain discovery of non-party Bates White to bring another expert opinion – submitted in another matter – into their case.

The MISO Report also does not articulate positions regarding the central issues in dispute in the Miss. AG action, whether Entergy engaged in any misconduct or how much Entergy Mississippi, Inc. ("EMI") should or should not have turned down legacy units and bought third-party power. Rather, the MISO Report examined certain costs and benefits of EMI joining MISO. EMI and other Entergy Operating Companies joined MISO in December 2013.

EMI was a party in the administrative proceedings in which the MISO Report was produced. If EMI had questions about the accuracy and reliability of information contained in the MISO Report, they had every opportunity to address those issues during those administrative proceedings. They should not now be allowed to drag Bates White into a collateral case to try to develop further evidence about opinions offered in a different matter.

For these reasons, defendants do not have a substantial need for the discovery sought from Bates White related to the MISO Report.

III.   DEFENDANTS' SUBPOENA *DUCES TECUM* CALLS FOR CONFIDENTIAL, PRIVILEGED, AND IRRELEVNT DOCUMENTS AND IS OVERBROAD, UNDULY <u>BURDENSOME, AND UNNECESSARY</u>

Defendants' subpoena *duces tecum* seeks documents that are subject to the attorney-client privilege, attorney work product doctrine, and other applicable privileges belonging to MPSC (such as deliberative process privilege), and is overbroad, unduly burdensome, and unnecessary. In addition to the final MISO Report itself, which is publicly available and with respect to which defendants already have a copy and used to question Dr. DeRamus and Dr. Yang, defendants also seek a number of other documents including:  (1) earlier versions of the report (Request Nos. 1 and 2) and a presentation related to the report (Request No. 3), (2) invoices provided to the MPSC for Bates White fees related to the work in connection with the matter for MPSC leading to the MISO Report (Request Nos. 5, 6, 7), and (3) "any other reports and invoices, and correspondence, prepared by Bates White, LLC related to" the reports, presentations, and invoices. (Request No. 8).  The Court should deny these requests for documents in their entirety.

First, Bates White understands that the earlier versions of the report are publicly available.  Moreover, by virtue of their participation in the MPSC proceedings and payment of Bates White's consultant fees in those proceedings, defendants had access to these documents, as well as the presentation and the invoices, and could have fully questioned Dr. DeRamus and Dr. Yang about these documents at their depositions.  Moreover, given their testimony that they did not write the MISO Report and had not read it, production of these documents in the Miss. AG action would not add anything more to the testimony that defendants already obtained from Dr. DeRamus or Dr. Yang in the Miss. AG action regarding any relationship between their opinions

and the MISO Report.  As a non-party, Bates White should not be forced to go through the effort and expense of production of documents that defendants have had access to themselves.

Defendants' request for Bates White's for invoices, fees generated in connection with a wholly different matter, is inappropriate and irrelevant.  The amount of compensation that Bates White received for work in connection with matter for the MSPC is not relevant to this case. This request is merely an attempt to harass and unduly burden Bates White, or its experts Dr. DeRamus and Dr. Yang, by causing Bates White to produce information about fees it earned in another matter.

Defendants' request for "any other reports and invoices, and correspondence, prepared by Bates White, LLC" related to the MISO reports, presentations, and invoices calls for privileged and confidential information that is not discoverable in the Miss. AG action and is overbroad, unnecessary, and unduly burdensome.  Documents reflecting work done by Bates White for the MPSC in connection with work leading to the MISO report but which is not publicly available, or reflecting Bates White's communications with the MPSC in connection with that matter, are protected by the attorney-client privilege and attorney work product doctrine and other applicable privileges (such as deliberative process privilege).[4]  These privileges belong to the MPSC and cannot be waived by Bates White without consent from the MPSC.

The Miss. AG action is not about the costs and benefits of Entergy joining MISO.  Other reports, invoices and correspondence, if any, prepared by Bates White and still in its possession are not relevant to the issues in the Miss. AG action, i.e., whether and to what extent Entergy unlawfully used its higher-cost legacy power generating units instead of purchasing cheaper power available from third parties.  Moreover, such a broad-sweeping request is overbroad and unduly burdensome, seeking to require Bates White to go to extraordinary efforts to search for

---

[4] The State of Mississippi also has asserted the materials are protected by the deliberative process privilege.

all documents related to this work, which is six or more years old.  Given the breadth of this request and for all the reasons above, it is unduly burdensome, unnecessary, and unreasonable to require Bates White to undergo these search efforts.

If the Court allows a deposition to go forward or orders the production of certain documents, pursuant to Fed. R. Civ. P. 45 (d)(3)(B)(ii), Bates White requests that the Court Order that the Bates White witness be paid his or her hourly rate to testify about opinions set forth in the MISO Report and that Bates White be paid a reasonable hourly rate for the time required to search for and produce documents.  In connection with the subpoena served on Bates White, defendants merely provided a $40 witness fee, which is not proper compensation under these circumstances.  *See* Advisory Committee Notes to Rule 45 ("compulsion to give evidence may threaten the intellectual property of experts denied the opportunity to bargain for the value of their services." (citing Maurer, *Compelling the Expert Witness: Fairness and Utility Under the Federal Rules of Civil Procedure*, 19 GA.L.REV. 71 (1984); Note, *Discovery and Testimony of Unretained Experts*, 1987 DUKE L.J. 140)).

IV.   THE COURT SHOULD GRANT A PROTECTIVE ORDER PROHIBITING THE DEPOSITION OF BATES WHITE, OR ALTERNATIVELY LIMITING THE SCOPE OF THE DEPOSITION

Courts may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pr. 26(c).  For the reasons set forth above, the Court should issue a protective order prohibiting deposition of Bates White and protecting it against undue harassment and burden from having to provide a third party deposition in the Miss. AG action.

Alternatively, should the Court not prohibit the deposition in its entirety, the Court should limit the scope of any deposition to the public opinions set forth in the four corners of the MISO Report and expressly prohibit any questioning beyond that, which would constitute information

that is confidential and subject to the attorney-client privilege and attorney work product doctrine and other applicable privileges.

## CONCLUSION

For the reasons set forth above, Bates White respectfully requests that the Court quash the Subpoena directed to Bates White, a non-party, in the Miss. AG action and issue a protective order prohibiting the deposition of Bates White.  Should the Court decline to quash the subpoena in its entirety or grant a protective order prohibiting a deposition, Bates White requests that the Court limit the scope of the deposition and production of documents to: (1) privileged information and documents; and (2) deny as irrelevant the production of invoices for work done by Bates White in the matter for MPSC leading to MISO Report; and (3) deny as irrelevant, overbroad, unnecessary, unduly burdensome, and calling for privileged information the document request (No. 8) seeking "[a]ny other reports and invoices, and any correspondence, prepared by Bates White, LLC" related to the MISO Report.

Respectfully submitted,

Jodi Trulove (#455817)
BATES WHITE, LLC
1300 Eye Street, NW, Suite 600
Washington, DC 20005
(202) 408-6110
jodi.trulove@bateswhite.com

## CERTIFICATE OF SERVICE

I certify that on April 16, 2018, I caused a copy of the foregoing Memorandum in Support of Motion to Quash and accompanying exhibits to be served via email and, if requested, U.S. Postal Mail, upon:

Roy D. Campbell, III
J. William Manuel
Alicia N. Netterville
BRADLEY ARNAT BOULT
CUMMINGS LLP
One Jackson Place
188 East Capitol Street, Suite 400
P.O. Box 1789
Jackson, MS 39215-1789
(601) 948-8000
rcampbell@bradley.com

James L. Robertson, Esq.
Charles E. Ross, Esq.
Rebecca W. Hawkins, Esq.
Wise, Carter, Child & Caraway, PA
Post Office Box 651
Jackson, Mississippi 39205
jlr@wisecarter.com

John A. Braymer, Esq.
Associate General Counsel
Entergy Services, Inc.
639 Loyola Avenue, #2600
New Orleans, LA 70133
jbrayme@entergy.com

Tianna H. Raby, Esq.
Christopher R. Shaw, Esq.
Entergy Mississippi, Inc.
308 E. Pearl Street, Suite 700 (39201)
Mail Unit M-ELEC-4A
P.O. Box 1640
Jackson, Mississippi 39215-1640
traby@entergy.com

J. Kenton Parsons
Luke F. Piontek
Andre G. Bourgeois
Shelley Ann McGlathery

ROEDEL PARSONS KOCH BLACHE
BALHOFF & MCCOLLISTER
A Corporation
8440 Jefferson Highway, Suite 301
Baton Rouge, LA 70809
(225) 929-7033
LPiontek@roedelparsons.com

Vincent F. Kilborn, III, Esq.
David A. McDonald, Esq.
KILBORN, ROEBUCK & McDONALD
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
vfk@krmlaw.us

Harold E. Pizzetta, III, MSB
Assistant Attorney General Office of the Attorney General
P. O. Box 220
Jackson, Mississippi 39225
hpizz@ago.state.ms.us

Jodi Trulove
BATES WHITE, LLC
1300 Eye Street, NW, Suite 600
Washington, DC 20005
(202) 408-6110
jodi.trulove@bateswhite.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE STATE OF MISSISSIPPI, EX REL. | * | |
| JIM HOOD, ATTORNEY GENERAL | * | |
| FOR THE STATE OF MISSISSIPPI, | * | |
| | * | |
|     J. Kenton Parsons | * | |
|     Luke F. Piontek | * | |
|     Andre G. Bourgeois | * | |
|     Shelley Ann McGlathery | * | |
|     ROEDEL PARSONS KOCH BLACHE | * | |
|     BALHOFF & MCCOLLISTER | * | |
|     A Corporation | * | |
|     8440 Jefferson Highway, Suite 301 | * | |
|     Baton Rouge, LA 70809 | * | |
|     (225) 929-7033 | * | |
|     LPiontek@roedelparsons.com | * | |
| | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
| V. | * | No. 3:08-cv-780-CWR-LRA |
| | * | |
| ENTERGY MISSISSIPPI, INC., ET AL. | * | |
| | * | |
|     Defendants. | * | |
| | * | |
|     Roy D. Campbell, III | * | |
|     J. William Manuel | * | |
|     Alicia N. Netterville | * | |
|     BRADLEY ARNAT BOULT | * | |
|     CUMMINGS LLP | * | |
|     One Jackson Place | * | |
|     188 East Capitol Street, Suite 400 | * | |
|     P.O. Box 1789 | * | |
|     Jackson, MS 39215-1789 | * | |
|     (601) 948-8000 | * | |
|     rcampbell@bradley.com | * | |

**NON-PARTY BATES WHITE, LLC'S**
**MOTION TO QUASH SUBPOENA AND NOTICE OF DEPOSITION FOR FEDERAL**
**RULE OF CIVIL PROCEDURE 30(B)(6) DEPOSITION AND PRODUCTION**
**OF DOCUMENTS AND, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 45(d)(3), non-party Bates White, LLC

("Bates White") respectfully moves this Court to issue an Order quashing the Subpoena and

Notice of Deposition issued by defendants in the above-referenced action for the Federal Rule of

Civil Procedure 30(b)(6) deposition of, and production of documents, by Bates White

("Subpoena"), or in the alternative, pursuant to Federal Rule of Civil Procedure 26(c), to issue a

Protective Order prohibiting the deposition and denying the request for the production of

documents as calling for privileged and irrelevant documents, as well as being overbroad,

unnecessary, and unduly burdensome.

The Subpoena attempts to compel Bates White consultants with no relationship to this

action to provide expert testimony regarding opinions they provided in a report in a completely

different matter.  No experts in the above-referenced action rely on the report at issue, nor does

the report at issue offer an opinion on the central issues in the above-referenced action.

Moreover, defendants have had access to the publicly available report and other publicly

available materials which defendants seek related to the report, and defendants have had ample

opportunity to question the experts in their own case about the opinions in this report.

Defendants have questioned plaintiffs' expert witnesses at their depositions about the report at

issue (and showed the report to one of those experts).  The remaining non-publicly available

materials that defendants seek are subject to attorney-client privilege, attorney work product

doctrine, and other relevant privileges held by the Mississippi Public Service Commission, of

which Bates White has no ability to waive.  Defendants seek to drag Bates White into this litigation in an effort to obtain discovery with respect to which defendants are not entitled.

For the reasons set forth in the supporting Memorandum (and exhibits thereto), Bates White requests that the Court grant its motion to quash the Subpoena and, in the alternative, grant a motion for protective order prohibiting the deposition and denying the request for the production of documents as calling for privileged and irrelevant documents, as well as being overbroad, unnecessary, and unduly burdensome.

Bates White reached out to counsel for defendants via email regarding the subpoena issued to Bates White and Bates White's intent to file the instant motion.  At the time of filing, Bates White and defendants had not resolved the dispute.

Dated: April 16, 2018                                Respectfully submitted,

_____

Jodi Trulove (#455817)
BATES WHITE, LLC
1300 Eye Street, N.W., Suite 600
Washington, DC 20005

## CERTIFICATE OF SERVICE

I certify that on April 16, 2018, I caused a copy of the foregoing Motion to Quash Subpoena to be served via email and, if requested, U.S. Postal Mail, upon:

Roy D. Campbell, III
J. William Manuel
Alicia N. Netterville
BRADLEY ARNAT BOULT
CUMMINGS LLP
One Jackson Place
188 East Capitol Street, Suite 400
P.O. Box 1789
Jackson, MS 39215-1789
(601) 948-8000
rcampbell@bradley.com

James L. Robertson, Esq.
Charles E. Ross, Esq.
Rebecca W. Hawkins, Esq.
Wise, Carter, Child & Caraway, PA
Post Office Box 651
Jackson, Mississippi 39205
jlr@wisecarter.com

John A. Braymer, Esq.
Associate General Counsel
Entergy Services, Inc.
639 Loyola Avenue, #2600
New Orleans, LA 70133
jbrayme@entergy.com

Tianna H. Raby, Esq.
Christopher R. Shaw, Esq.
Entergy Mississippi, Inc.
308 E. Pearl Street, Suite 700 (39201)
Mail Unit M-ELEC-4A
P.O. Box 1640
Jackson, Mississippi 39215-1640
traby@entergy.com

J. Kenton Parsons
Luke F. Piontek
Andre G. Bourgeois
Shelley Ann McGlathery
ROEDEL PARSONS KOCH BLACHE

BALHOFF & MCCOLLISTER
A Corporation
8440 Jefferson Highway, Suite 301
Baton Rouge, LA 70809
(225) 929-7033
LPiontek@roedelparsons.com

Vincent F. Kilborn, III, Esq.
David A. McDonald, Esq.
KILBORN, ROEBUCK & McDONALD
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
vfk@krmlaw.us

Harold E. Pizzetta, III, MSB
Assistant Attorney General Office of the Attorney General
P. O. Box 220
Jackson, Mississippi 39225
hpizz@ago.state.ms.us


Jodi Trulove
BATES WHITE, LLC
1300 Eye Street, NW, Suite 600
Washington, DC 20005
(202) 408-6110
jodi.trulove@bateswhite.com